**JOHN R. CAMPO, ESQ. [SBN 157137]**
**BRANSON, BRINKOP, GRIFFITH & CAMPO, LLP**
643 Bair Island Road, Suite 400
Redwood City, CA  94063
Telephone:  (650) 365-7710
Facsimile:  (650) 365-7981
e-mail:  jcampo@bbgslaw.com

Attorneys for:  Plaintiff, Benchmark Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENCHMARK INSURANCE COMPANY, a Kansas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JALITA CORPORATION, a California corporation; MARUCHAN, INC., a California corporation; UDC CORPORATION, a California corporation; ROSA A. MARTINEZ, an individual; ROSA I. MARTINEZ, an individual; JOSE ANGEL MARTINEZ, an individual; CHRISTOPHER MARTINEZ, an individual; and VINCENT MARTINEZ, an individual; and STATE COMPENSATION INSURANCE FUND, a public enterprise fund,<br><br>Defendants. | Case No:  5:22-cv-00429<br><br>COMPLAINT FOR:<br><br>1. RESCISSION<br>2. DECLARATORY JUDGMENT (DUTY TO DEFEND)<br>3. DECLARATORY JUDGMENT (DUTY TO INDEMNIFY)<br>4. REIMBURSEMENT |

Plaintiff, Benchmark Insurance Company, for its Complaint for Rescission, Declaratory Judgment and Reimbursement against defendants, Jalita Corporation, Maruchan, Inc., UDC Corporation, Rosa A. Martinez, Rosa I. Martinez, Jose Angel

1
COMPLAINT FOR RECISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT

Martinez, Christopher Martinez, Vincent Martinez, and State Compensation Insurance Fund, states:

## I. INTRODUCTION

1. Plaintiff Benchmark Insurance Company ("Plaintiff" or "Benchmark") seeks to rescind the general liability insurance policy no. BIC5020736 issued to Defendant Jalita Corporation ("Jalita"). Benchmark issued the policy in reliance upon the accuracy of Jalita's responses to questions stated in the policy applications, including that: (a) Jalita obtained written contracts containing hold harmless agreements with its subcontractors; (b) Jalita was named as an additional insured on each of its subcontractors' policies; and (c) all work involving the use of a lift was performed by subcontractors. Each of these statements were material to Plaintiff's decision to issue the policy to Jalita, and each of these representations was false, thereby rendering the policy null and void as of the inception date of the policy no. BIC5020736.

2. Alternatively, Benchmark seeks a judicial declaration that it does not owe a duty to defend or indemnify Jalita with respect to underlying litigation titled <u>Martinez, et al. v. Maruchan, Inc. and Does 1 through 25</u>, Orange County Superior Court, Case No. 30-2021-01178455-CU-PO-CJC (filed January 12, 2021) ("the Martinez Action"). The Policy provides no coverage for Jalita's liability for damages arising from the work performed by Jalita's subcontractor, UDC, because Jalita has failed to satisfy the conditions precedent to coverage set forth in the Subcontractors Special Conditions Endorsement ("SSC Endorsement") including its failure to have obtained from UDC a written indemnity agreement holding Jalita harmless of all liabilities, including costs of defense, arising out of the work of UDC. Jalita's failure to comply with the requirements of the SSC Endorsement is a material breach of the conditions precedent stated in the SSC Endorsement and of paragraph 6. Representations of Section IV – Commercial General Liability Conditions, rendering the Policy inapplicable for defense or indemnity of Jalita with respect to the claims asserted in the Martinez Action.

2
COMPLAINT FOR RECISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT

3. Benchmark has defended Jalita and continues to incur defense fees and costs on its behalf. Plaintiff is entitled to reimbursement of amounts paid to defend Jalita in the Martinez Action. *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005), and *Buss v. Superior Court (Transamerica Ins. Co.)*, 16 Cal.4th 35 (1997).

## II. PARTIES

4. Plaintiff Benchmark Insurance Company is, and at all times was, a Kansas corporation authorized to transact the business of insurance in the State of California, with its principal place of business in Wayzata, Minnesota.

5. Defendant Jalita Corporation is, and at all times herein mentioned was, a general building contractor company organized and existing as a corporation under the laws of the State of California, with its principal place of business in the County of Orange, California.

6. Defendant Maruchan, Inc. ("Maruchan") is, and at all times herein mentioned was, a company organized and existing as a corporation under the laws of the State of California, with its principal place of business in the County of Orange, California.

7. Defendant UDC Corporation ("UDC") is, and at all times herein mentioned was, an industrial contractor and commercial general contractor organized and existing as a corporation under the laws of the State of California, with its principal place of business in the County of Orange, California.

8. Defendants Rosa A. Martinez, Rosa I. Martinez, Jose Angel Martinez, Christopher Martinez, and Vincent Martinez ("Martinez Defendants") are, and at all times mentioned were, individuals residing in Riverside County, California and the heirs of Baltazar Martinez Gutierrez. The Martinez Defendants are the plaintiffs in the action entitled Martinez, et al. v. Maruchan, Inc. and Does 1 through 25, Orange County Superior Court, Case No. 30-2021-01178455-CU-PO-CJC (filed January 12, 2021).

9. Defendant State Compensation Insurance Fund ("State Fund") is, and at all times mentioned was, a public enterprise fund providing workers compensation insurance

3
COMPLAINT FOR RECISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT

to employers. State Fund is organized and existing as a corporation under the laws of the State of California, with its principal place of business in the County of San Francisco, California.

10. Maruchan and UDC are necessary parties to this action because they have filed cross-complaints against Jalita in the Martinez Action, and are potential judgment creditors of Benchmark's insured, Jalita.

11. The Martinez Defendants and State Fund are necessary parties to this action because the Martinez Defendants seek damages from Maruchan and UDC, for which Maruchan and UDC seek to hold Jalita liable, and State Fund asserts lienholder rights as to any settlement or judgment rendered in favor of the Martinez Defendants.

12. Maruchan, UDC, the Martinez Defendants and State Fund are named as a defendants to this lawsuit to enable Benchmark to obtain a binding adjudication of Benchmark's rights, duties, and obligations under the commercial general liability policy issued by Benchmark to Jalita with respect to any sums that may be awarded to the Martinez Defendants on their Complaint against Maruchan and that Maruchan may seek to recover through its Cross-Complaint from Jalita and/or UDC, any sums UDC may seek to recover through its Cross-Complaint from Jalita, and any sums State Fund may seek to recover through its lien, and to bind all parties to this judgment.

### III. JURISDICTION AND VENUE

13. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C §1332, as there is complete diversity between the parties and the amount in controversy, exclusive of interest and costs, greatly exceeds the $75,000 jurisdictional minimum. An actual justiciable controversy exists between plaintiff and defendants within the meaning of 28 U.S.C. §2201 regarding the scope and extent of insurance coverage provided under the Benchmark insurance policy issued to Jalita Corporation.

14. Venue is proper in this judicial district pursuant to 28 U.S.C §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district, the defendants are subject to personal jurisdiction in this district, and the

underlying lawsuit is being prosecuted in the Orange County, which is situated in this district.

### IV. THE BENCHMARK POLICY

15. Benchmark issued commercial general liability insurance policy no. BIC5020736, in effect from January 24, 2020 to January 24, 2021, to Jalita Corporation ("the Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

16. On January 21, 2020, Jalita's CEO, Secretary, CFO and President, Akinori Iwatsuki, executed the Contractors Application for the Policy (a true and correct copy of which is attached hereto as Exhibit B), in which Jalita answered question no. 43 in the following manner:

*43. HAVE YOU PERFORMED DURING THE THREE (3) YEAR PERIOD BEFORE THE POLICY YEAR, OR WILL YOU PERFORM DURING THE POLICY YEAR, ANY OF THE FOLLOWING JOBS OR OPERATIONS?:*

| | YES | NO |
|---|---|---|
| *Q. EQUIPMENT LEASING* | ■ | ☐ |
| *R. USE OF CRANES OR LIFTS* | ■ | ☐ |

*EXPLAIN ALL "YES" RESPONSES:*

I, R, S: ALL WORK DONE BY SUBCONTRACTORS

Q: INSURED HAS FORKLIFT, SCISSOR LIFT + BOOM LIFT LEASED TO SUBS

[Responses were handwritten.]

17. In the January 21, 2020 Contractors Application, Jalita also answered question nos. 75, 76, 77, 78, 79 and 80 in the following manner:

| # | QUESTIONS | *YES* | *NO* |
|---|---|---|---|

BRANSON BRINKOP GRIFFITH & CAMPO LLP
643 BAIR ISLAND ROAD, SUITE 400
REDWOOD CITY, CALIFORNIA 94063
TELEPHONE (650) 365-7710

5
COMPLAINT FOR RECISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT

| | | | |
|---|---|---|---|
| 75. | WILL YOU USE SUBCONTRACTORS DURING THE POLICY YEAR? (IF YES, QUESTIONS 76, 77, 79 & 80 ARE CONDITIONS OF ANY POLICY THE COMPANY MAY ISSUE) | √ | |
| 76. | DO YOU NOW, AND WILL YOU DURING THE POLICY YEAR, HAVE A WRITTEN CONTRACT WITH EACH OF YOUR SUBCONTRACTORS WHICH HOLDS YOU HARMLESS RELATIVE TO WORK PERFORMED BY THE SUBCONTRACTOR? | √ | |
| 77. | ARE YOU NOW NAMED AS AN ADDITIONAL INSURED ON YOUR SUBCONTRACTORS' POLICIES, AND WILL YOU BE NAMED AS AN ADDITIONAL INSURED ON SUCH POLICIES DURING THE POLICY YEAR? | √ | |
| 78. | DO YOU HOLD OTHERS HARMLESS OR ARE YOU REQUIRED TO PROVIDE ADDITIONAL INSURED ENDORSEMENTS FOR OTHERS? | √ | |
| 79. | ARE YOUR SUBCONTRACTORS REQUIRED TO PROVIDE YOU WITH A CERTIFICATE OF INSURANCE BEFORE COMMENCING WORK, DEMONSTRATING THAT THEY HAVE GENERAL LIABILITY INSURANCE COVERAGE FOR THE POLICY YEAR? | √ | |
| 80. | DO YOU REQUIRE YOUR SUBCONTRACTORS TO MAINTAIN LIMITS OF LIABILITY OF AT LEAST $1,000,000 PER OCCURRENCE? | √ | |

18. The January 21, 2020 Contractors Application includes the following pertinent warranty provisions:

ATTENTION:

1. THE APPLICANT WARRANTS THAT THE ABOVE STATEMENTS AND PARTICULARS, TOGETHER WITH ANY ATTACHED OR APPENDED DOCUMENTS OR MATERIALS ("THIS APPLICATION"), ARE TRUE AND

1. COMPLETE AND DO NOT MISREPRESENT, MISSTATE OR OMIT ANY MATERIAL FACTS.

2. THE APPLICANT UNDERSTANDS THAT THE COMPANY RELIED UPON THE INFORMATION CONTAINED WITHIN THIS APPLICATION TO DETERMINE ACCEPTABILITY, RATES AND COVERAGE.

3. THE APPLICANT UNDERSTANDS THAT ANY MISREPRESENTATION OR OMISSION SHALL CONSTITUTE GROUNDS FOR RESCISSION OF COVERAGE AND DENIAL OF CLAIMS.

4. THE APPLICANT UNDERSTANDS THE COMPANY IS NOT OBLIGATED NOR UNDER ANY DUTY TO ISSUE A POLICY OF INSURANCE BASED UPON THIS APPLICATION. THE APPLICANT FURTHER UNDERSTANDS THAT, IF A POLICY IS ISSUED, THIS APPLICATION WILL BE INCORPORATED INTO AND FORM A PART OF SUCH POLICY.

5. IF THE APPLICANT BECOMES AWARE THAT ANY RESPONSE ON THIS APPLICATION BECOMES INACCURATE AS A RESULT OF INFORMATION OR CHANGE OF CIRCUMSTANCES BEFORE A POLICY IS ISSUED, THE APPLICANT MUST INFORM THE COMPANY OF SUCH CHANGE, IN WRITING, AND ANY POLICY ISSUED BEFORE SUCH NOTIFICATION IS SUBJECT TO IMMEDIATE CANCELLATION.

6. THE APPLICANT AUTHORIZES THE COMPANY TO MAKE ANY INVESTIGATION AND INQUIRY IN CONNECTION WITH THE QUESTIONNAIRE AS IT MAY DEEM NECESSARY.

THE UNDERSIGNED, BEING AUTHORIZED BY AND ACTING ON BEHALF OF THE PROSPECTIVE INSUREDS, REPRESENTS THAT THE ANSWERS GIVEN ARE TRUE. FAILURE TO PROVIDE TRUTHFUL ANSWERS AND ALL MATERIAL INFORMATION CAN RESULT IN THE COMPANY ELECTING TO CANCEL, REFORM AND/OR RESCIND THE POLICY.

[…]

Signature of Applicant:   _____(*signature*)_____

Date:   _____1/21/20_____

Title (Officer, Member, or Owner):   ____Vice President_____

19. Based upon Jalita's representations made in its policy application, including but not limited to its responses to these questions, Benchmark issued the Policy for a premium charge of $16,415.00. Plaintiff believes and hereby alleges that the signature is that of Akinori Iwatsuki who is identified on the California Secretary of State Website as the CEO, Secretary, CFO and President of Jalita Corporation as of January 1, 2020.

7
COMPLAINT FOR RECISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT

20. The introductory provisions in the Commercial General Liability Coverage Form issued with the Policy provide the following definitions of "you," "your," "Named Insured," "we," "us" and "our," as these terms are used throughout the Policy:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

21. The Insuring Agreement for Coverage A – Bodily Injury and Property Damage Liability of the Policy states, in pertinent part:

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages for "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

22. Section IV – Commercial General Liability Conditions in the Policy states, in relevant part:

> **6. Representations**
>
> By accepting this policy, you agree that:
>
> **a.** The information set forth in the policy Declarations, applications, audit responses, questionnaires and inspection responses is accurate and complete in all respects;

COMPLAINT FOR RECISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT

     **b.** We issued this policy, or permitted it to remain in force, in reliance upon the accuracy of the information described in paragraph **6.a.** above; and

     **c.** Any false, misleading, inaccurate or incomplete statements or omissions made by you, or made by any other person or organization on your behalf, will, at our discretion, render this policy null and void as of the inception date of this policy.

23. Section V – Definitions sets forth the special definitions for terms shown in quotation marks in the Policy, including the following:

    **3.** "Bodily injury" means "bodily injury", sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" does not include shock or emotional, mental or psychological distress, injury, trauma or anguish, or other similar condition, unless such condition results solely and directly from prior physical injury, physical sickness or physical disease otherwise covered under this policy.

    **13.** "Occurrence" means an accident, including a continuous or repeated exposure to substantially the same general harmful conditions.

    **18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

      **a.** An arbitration proceeding in which such damages are claimed and to which the "insured" must submit or does submit with our consent; or

      **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

24. The Policy was issued with an endorsement form G0500 09 18 entitled "Subcontractor Special Conditions," which states:

As a condition precedent to this policy applying to any claim in whole or in part based upon work performed by subcontractors, you must have with respect to each subcontractor, prior to the date of the "occurrence" giving rise to the claim:

**1.** Received a written indemnity agreement from the subcontractor holding you harmless for all liabilities, including costs of defense, arising from the work of the subcontractor; and

**2.** Obtained certificates of insurance from the subcontractor indicating that you are named as an additional insured on a policy providing coverage at least as broad as the coverage provided by this policy, and that the per occurrence limit of liability of such insurance policy is at least $1,000,000, unless otherwise agreed in writing by us.

You must maintain the records evidencing compliance with paragraphs **1.** and **2.** and must provide full and complete copies of these records to us within 20 days of our request for the information when we are presented with a claim by or for any party.

If you do not obtain and maintain the documents evidencing compliance with paragraphs **1.** and **2.**, above, from the subcontractor, then this policy will not indemnify any damages caused by, contributed to and/or arising out of that subcontractor's work performed for you.

The insurance provided by this policy shall be excess over and above any other valid and collectible insurance available to you under paragraph **2.**, above. A subcontractor's failure to obtain or maintain any required contractor's or other license shall not alter or eliminate your obligation to satisfy the conditions precedent set forth in this endorsement.

As used in this endorsement, a subcontractor is any person or entity performing work at your request or under an agreement with you.

COMPLAINT FOR RECISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT

## V.  THE UNDERLYING *MARTINEZ* ACTION

25. In March 2020, Maruchan hired Jalita to repair a steam condensate boiler pipe and flange at Maruchan's food packing plant in Irvine, California, pursuant to three "cost proposals" that Jalita submitted to Maruchan on March 27 and 28, 2020.

26. Jalita retained UDC to perform the work at the Maruchan facility pursuant to a time and materials agreement.

27. On March 31, 2020, Jalita's principal, Mr. Iwatsuki, met with two UDC employees, including Baltazar Martinez Gutierrez, to perform the repairs on the roof of the Maruchan facility.

28. Mr. Iwatsuki used a scissor lift owned by Jalita to deliver to the roof of the Maruchan facility the tools, equipment and UDC employees, including Baltazar Martinez Gutierrez, needed to perform the agreed-upon welding repairs.

29. In the course of unloading and unraveling a welding hose, Mr. Gutierrez walked backward across the roof of the Maruchan facility and fell through a skylight to the facility floor three stories below.  Mr. Gutierrez suffered fatal injuries from the fall.

30. On January 12, 2021, the Martinez Defendants initiated the Martinez Action against Maruchan, alleging causes of action for negligence and premises liability. The Martinez Action seeks damages for the wrongful death of Mr. Gutierrez.  A true and correct copy of the Complaint filed in the Martinez Action is attached hereto as Exhibit C (hereafter, "Martinez Complaint").

31. On March 24, 2021, Maruchan filed a Cross-Complaint against Jalita and UDC, alleging causes of action for Contractual/Express Indemnity, Total Equitable Indemnity, Partial Equitable Indemnity, Contribution and Declaratory Relief.  A true and correct copy of the Cross-Complaint filed by Maruchan in the Martinez Action is attached hereto as Exhibit D ("Maruchan Cross-Complaint").  The Maruchan Cross-Complaint alleges that Jalita is obligated to defend and indemnify Maruchan against the damages sought by the Martinez Defendants in the Martinez Action.

32. On June 4, 2021, UDC filed a Cross-Complaint against Maruchan, alleging causes of action for Equitable Indemnity, Contribution and Declaratory Relief. A true and correct copy of the Cross-Complaint filed by UDC is attached hereto as Exhibit E ("UDC Cross-Complaint"). By an Amendment to the UDC Cross-Complaint filed June 29, 2021, UDC named Jalita as a cross-defendant. A true and correct copy of Amendment No. 1 to Cross-Complaint filed by UDC is attached hereto as Exhibit F ("UDC Cross-Complaint Amendment "). The UDC Cross-Complaint alleges that Jalita is obligated to defend and indemnify UDC against the damages sought by the Martinez Defendants in the Martinez action and the claims asserted by Maruchan in the Maruchan Cross-Complaint.

33. Jalita tendered its defense and indemnity of the Maruchan Cross-Complaint and the UDC Cross-Complaint to Benchmark under the Policy.

34. Benchmark accepted Jalita's tender of defense of the Maruchan Cross-Complaint and the UDC Cross-Complaint in the Martinez Action, subject to a full reservation of rights to rely upon the terms, conditions and exclusions to deny indemnity for damages sought by the Martinez Defendants and to file a declaratory relief action to obtain a judicial declaration resolving any coverage issues, and to seek reimbursement of all sums paid to defend Jalita in the Martinez Action.

35. Benchmark contends there is no coverage under the Policy for the claims asserted against Jalita in the Martinez Complaint, the Maruchan Cross-Complaint or the UDC Cross-Complaint, and that Benchmark is entitled to rescind the Policy, because Jalita failed to comply with conditions precedent to coverage stated in the Subcontractors Special Conditions endorsement issued with the Policy ("the SSC Endorsement), in that:

(a) Jalita did not receive a written indemnity agreement from its subcontractor, UDC, holding Jalita harmless for all liabilities, including costs of defense, arising from UDC's work;

(b) Jalita did not obtain a certificate of insurance from UDC indicating Jalita was named as an additional insured UDC's general liability policy

providing coverage at least as broad as the coverage provided by the Benchmark Policy; and

    (c)    Jalita did not maintain records evidencing the required written indemnity agreements and certificates of insurance.

36. Benchmark relied upon Jalita's responses on the Contractors Application as being truthful when Benchmark agreed to issue the Policy to Jalita, and at no time did Benchmark agree to alter or waive any of the conditions precedent to coverage stated in the SSC Endorsement and/or in Section IV – Commercial General Liability Conditions of the Policy.

## FIRST CAUSE OF ACTION

### (Rescission – Against Defendant Jalita Corporation)

37. Benchmark realleges and incorporates herein by reference paragraphs 1 through 36 of the preceding allegations, as though fully set forth in this cause of action.

38. Benchmark is informed and believes, and on that basis alleges, that statements made by Jalita in its Contractors Application for the Policy about its past and future business practices of obtaining written contracts with subcontractors, about its business practice of being named as an additional insured under its subcontractors' policies, and that all work involving the use of a lift was and would be performed by subcontractors, were materially false, were known to be false, and were concealed from Benchmark. Specifically, Benchmark contends Jalita made material misstatements to Benchmark in the Contractors Application for the Policy by stating that:

    (a)    Jalita had written contracts with its subcontractors which included hold harmless agreements;

    (b)    Jalita was named as an additional insured under its subcontractors' policies;

    (c)    Jalita required its subcontractors to provide Jalita with a certificate of insurance prior to commencing work; and that

    (d)  Subcontractors performed all work involving the use of lifts, and would do so during the Policy.

39. Jalita knew or should have known at the time of submitting the Contractors Application that the facts stated therein were false. Jalita submitted the Contractors Application stating that Jalita had written contracts with subcontractors containing hold harmless agreements in favor of Jalita, that Jalita was named as an additional insured on each of its subcontractor's policies, that Jalita had required each of its subcontractors to provide certificates of insurance, and that all work involving the use of lifts was performed by subcontractors, knowing that none of these representations were true, and intending to induce Benchmark's reliance upon the information stated in the Contractors Application to agree to insure Jalita under the Policy.

40. Benchmark relied upon the truthfulness, completeness and accuracy of Jalita's representations in the application for the Policy and, unaware of the falsity of these representations, agreed to and did issue the Policy to Jalita.

41. If Benchmark had been accurately informed of the true facts, it would not have issued the Policy and/or would not have issued the Policy on the terms and conditions contained therein and/or would not have issued the Policy for the amount of insurance premiums charged. Pursuant to California law and Section IV – Commercial General Liability Conditions, paragraph 6. Representations of the Policy, Jalita's misrepresentations on its policy applications render the Policy null and void *ab initio*.

42. Benchmark hereby notifies Jalita of Benchmark's intent to rescind the Policy. This pleading shall be deemed to constitute Benchmark's offer to repay Jalita a sum equal to all premiums received for the Policy, subject to an offset for all sums paid by Benchmark to defend Jalita in the Martinez Action, in order to return the parties to a position *status quo ante*.

43. Benchmark prays for a judgment that the Policy is rescinded based upon Jalita's material misrepresentations in its insurance policy application, and for the parties to be returned to a position *status quo ante* through reimbursement to Benchmark from

Jalita of all policy benefits paid on its behalf, reduced by the amount of all premium and deductibles paid to Benchmark under the rescinded Policy.

## SECOND CAUSE OF ACTION

### (Declaratory Relief – No Duty to Defend Under the Policy –

### Against All Defendants)

44. Benchmark realleges and incorporates herein by reference paragraphs 1 through 43 of the preceding allegations, as though fully set forth in this cause of action.

45. There is at present a controversy between Benchmark and the Defendants in that Benchmark contends it has no potential duty under the Policy to indemnify Jalita for any damages sought by Maruchan and/or UDC, including the damages sought in the Martinez Action, and, therefore, that Benchmark has never had and currently has no duty to defend Jalita against Maruchan Cross-Complaint or UDC Cross-Complaint.

46. Benchmark requests this Court to declare that it has no duty to defend Jalita against the Maruchan Cross-Complaint and UDC Cross-Complaint in the Martinez Action due to Jalita's failure to fully comply with the conditions precedent to coverage stated in the SSC Endorsement by failing, among other things, to obtain from its subcontractor, UDC, a written indemnity agreement, as described in paragraph (1) of the SSC Endorsement, and failing to maintain records evidencing compliance with the SSC Endorsement. Jalita's failure to comply with the conditions precedent to coverage stated in the SSC Endorsement has deprived Benchmark of its contractual rights to obtain full or partial participation from Jalita's subcontractor and/or their insurers to pay the cost of defending Jalita against the Maruchan Cross-Complaint and UDC Cross-Complaint in the Martinez Action. Jalita's non-compliance is a material breach of the SSC Endorsement issued with the Policy and, pursuant to Section IV – Commercial General Liability Conditions, paragraph 6. Representations, Jalita's misrepresentations on its policy application regarding its adherence to the business practices required by the SSC Endorsement render the Policy null and void *ab initio*.

15

COMPLAINT FOR RECISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT

47. A judicial declaration is appropriate at this time in order that Benchmark may ascertain its rights and duties pursuant to the Policy issued by Benchmark to Jalita and so that the parties will be bound by the same interpretation of the Policy. Benchmark has no other adequate or speedy remedy at law, and a multiplicity of actions will be avoided by the Court's determination of said rights and obligations pursuant to the present action and this request for declaratory relief.

48. Benchmark seeks a judicial declaration by this Court that Benchmark has no duty to defend Jalita against the Maruchan Cross-Complaint and UDC Cross-Complaint in the Martinez Action.

## THIRD CAUSE OF ACTION

### (Declaratory Relief – No Duty to Indemnify –

### Against All Defendants)

49. Benchmark realleges and incorporates herein by reference paragraphs 1 through 48 of the preceding allegations, as though fully set forth in this cause of action.

50. There is at present a controversy between Benchmark and Defendants in that Benchmark contends there is no coverage under the Policy for the claims and/or the damages sought in the Martinez Action and the cross-complaints filed therein, therefore, Benchmark has no duty to indemnify Jalita for damages sought by Maruchan or UDC. Plaintiff is informed and believes and thereon alleges that Defendants contend otherwise.

51. Benchmark requests this Court to declare there is no coverage under the Policy for any of the damages sought by the Maruchan Cross-Complaint or UDC Cross-Complaint and, therefore, that Benchmark has no duty to indemnify Jalita in the Martinez Action under the Policy because Jalita failed to fully comply with the conditions precedent to the SSC Endorsement, by failing, among other things, to obtain from its subcontractor, UDC, a written indemnity agreement, as described in paragraph (1) of the SSC Endorsement, and failing to maintain records evidencing compliance with the SSC Endorsement. Jalita's failure to comply with the conditions precedent to coverage stated in the SSC Endorsement has deprived Benchmark of its contractual rights to obtain full or

16
COMPLAINT FOR RECISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT

partial participation from UDC and/or its insurers to indemnify Jalita for the damages sought by the Maruchan Cross-Complaint and/or UDC Cross-Complaint. Jalita's non-compliance is a material breach of the SSC Endorsement issued with the Policy and, pursuant to Section IV – Commercial General Liability Conditions, paragraph 6. Representations, Jalita's misrepresentations on its policy applications regarding its adherence to the business practices required by the SSC Endorsement render the Policy null and void *ab initio*.

52. A judicial declaration is appropriate at this time in order that Benchmark may ascertain its rights and duties pursuant to the Policy and so that the parties will be bound by the same interpretation of the Policy. Benchmark has no other adequate or speedy remedy at law, and a multiplicity of actions will be avoided by the Court determining said rights and obligations pursuant to the present action and this request for declaratory relief.

53. Benchmark seeks a judicial declaration by this Court that Benchmark has no duty to indemnify Jalita for damages sought by Maruchan and/or UDC through their respective cross-complaints in the Martinez Action.

## FOURTH CAUSE OF ACTION

**(Reimbursement – Against Defendant Jalita Corporation)**

54. Benchmark realleges and incorporates herein by reference paragraphs 1 through 53 of the preceding allegations, as though fully set forth in this cause of action.

55. Benchmark contends that any and all damages sought in the Martinez Action are a direct result of matters which are either outside of the grant of coverage of the Policy or are otherwise excluded.

56. Benchmark is defending Jalita against the Maruchan Cross-Complaint and UDC Cross-Complaint, and has incurred and continues to incur attorneys' fees and costs on behalf of Jalita. Benchmark is providing the defense under a reservation of rights, including the right to seek reimbursement from Jalita of attorneys' fees and costs paid by Benchmark in the defense of uncovered claims.

57. To date, Benchmark has paid in excess of $23,681.75 for investigation of Maruchan's and UDC's claims and to defend Jalita against the claims alleged in the Maruchan Cross-Complaint and UDC Cross-Complaint in the Martinez Action. As such, Benchmark has paid for attorneys' fees, costs and litigation expenses against uninsured causes of action.

58. Benchmark is entitled to reimbursement of all sums it has paid to investigate and defend Jalita against the claims asserted in the Maruchan Cross-Complaint and UDC Cross-Complaint in the Martinez Action, or in the alternative, reimbursement of all sums which are for uncovered claims, according to proof.

**PRAYER**

WHEREFORE, Benchmark prays for judgment against Defendants, and each of them, as follows:

1. For entry of judgment rescinding the Benchmark Policy no. BIC5020736, returning the parties to a position *status quo ante* whereby Benchmark is entitled to reimbursement of all sums paid by Benchmark to defend Jalita against the Maruchan Cross-Complaint and UDC Cross-Complaint in the Martinez Action, subject to an offset in the amount equal to all premiums paid by Jalita for the Policy;

2. For a judicial declaration that Benchmark has no duty to defend Jalita against the Maruchan Cross-Complaint and UDC Cross-Complaint in the Martinez Action because Jalita is in breach of the Policy by failing to comply with all of the terms and conditions precedent stated in the SSC Endorsement;

3. For a judicial declaration that Benchmark has no duty to indemnify Jalita for any sums for which it may be found liable to Maruchan and/or UDC because Jalita is in breach of the Policy by failing to comply with all of the terms and conditions precedent stated in the SSC Endorsement;

4. For reimbursement of amounts paid by Benchmark to investigate and defend Jalita against the Maruchan Cross-Complaint and UDC Cross-Complaint in the

COMPLAINT FOR RECISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT

Martinez Action or, in the alternative, to investigate and defend Jalita against uninsured claims, according to proof;

    5.    For an award of costs; and

    6.    For such other and further relief as the Court deems just and proper.

Dated: March 8, 2022        BRANSON, BRINKOP, GRIFFITH & CAMPO, LLP

By:   */s/ John R. Campo*
     JOHN R. CAMPO
     Attorneys for Plaintiff, Benchmark Insurance Company

BRANSON BRINKOP GRIFFITH & CAMPO LLP
643 BAIR ISLAND ROAD, SUITE 400
REDWOOD CITY, CALIFORNIA 94063
TELEPHONE (650) 365-7710

19
COMPLAINT FOR RECISSION, DECLARATORY JUDGMENT AND REIMBURSEMENT