JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENCHMARK INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JALITA CORPORATION,<br>MARUCHAN, INC.,<br>UDC CORPORATION,<br>ROSA A. MARTINEZ,<br>ROSA I. MARTINEZ,<br>JOSE ANGEL MARTINEZ,<br>CHRISTOPHER MARTINEZ,<br>VINCENT MARTINEZ, and<br>STATE COMPENSATION<br>　INSURANCE FUND,<br><br>　　　　Defendants. | Case No. 5:22-cv-00429-JWH-SHKx<br><br>**JUDGMENT** |

Pursuant to the "Order Granting Plaintiff's Unopposed Motion for Summary Judgment [ECF No. 51]" filed substantially contemporaneously herewith,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. This Court possesses subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332.

2. The parties previously filed a Stipulation **DISMISSING** Defendants Maruchan, Inc.; UDC Corporation; Rosa A. Martinez; Rosa I. Martinez; Jose Angel Martinez; Christopher Martinez; Vincent Martinez; and the State Compensation Insurance Fund as a parties in this action **with prejudice**.  Those eight Defendants are **DISMISSED**.

3. Plaintiff Benchmark Insurance Company shall have **JUDGMENT** in its **FAVOR**, and **AGAINST** Defendant Jalita Corporation, as follows:

   a. Benchmark policy number BIC5020736 (the "Policy") is **RESCINDED**.  Benchmark is entitled to reimbursement of all sums paid by Benchmark to defend Jalita against the Maruchan cross-complaint and UDC cross-complaint in the underlying lawsuit in Orange County Superior Court, *Martinez v. Maruchan, Inc.*, Case No. 30-2021-01178455-CU-PO-CJC (the "Underlying Lawsuit"), subject to an offset in the amount equal to all premiums paid by Jalita for the Policy;

   b. Benchmark has no duty to defend Jalita against the Maruchan cross-complaint and UDC cross-complaint in the Underlying Lawsuit because Jalita is in breach of the Policy by failing to comply with all of the terms and conditions precedent stated in the Subcontractors Special Conditions Endorsement (the "SSC Endorsement");

   c. Benchmark has no duty to indemnify Jalita for any sums for which it may be found liable to Maruchan and/or UDC because Jalita is in

breach of the Policy by failing to comply with all of the terms and conditions precedent stated in the SSC Endorsement; and

    d.    Benchmark is entitled to reimbursement of amounts paid by Benchmark to investigate and defend Jalita against the Maruchan cross-complaint and UDC cross-complaint in the Underlying Lawsuit.

4.    Defendant Jalita shall take nothing by way of its Complaint.

5.    This action is **DISMISSED**.

6.    Other than potential post-judgment remedies (including those provided in Rule 54(d) of the Federal Rules of Civil Procedure), to the extent that any party requests any other form of relief, such request is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 4, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE